UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GARY D. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 4:13-cv-00168-SEB-WGH |
| AMAZON.COM INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss the Complaint filed by Plaintiff for its failure to state a claim upon which relief may be granted under Rule 12(b)(6). [Doc. No. 9]. For the reasons stated below, Defendant's Motion is **GRANTED.**

**Factual Background**

Plaintiff Gary Arnold acting pro se filed an employment discrimination complaint on October 25, 2013. [Doc. No 1], alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. *Id.* at ¶ 1. In Plaintiff's Statement of Legal Claim he states that Defendant "failed to provide a safe working environment." *Id.* at ¶ III. According to Plaintiff, he was being harassed by a coworker and was assaulted on March 11, 2013. *Id.* Afterward, Plaintiff reported the harassment and assault to his supervisor and to a Human Resources representative. *Id.* Plaintiff's claim arises out of his dissatisfaction with Defendant's employees' responses. He alleges that Amazon's Human Resources representative failed to call the police to report the assault, *Id.* at ¶

1

IV, and that his supervisor "seemed amused by the harassment." *Id.*  Finally, he alleges that he received "very little" medical care and was further harassed by a Dr. Rodney U. Chou M.D[1]. *Id.*

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must include allegations that "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," and "raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).  This means the complaint must plead factual content that enables the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Coll. Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). Additionally, in reviewing a pro se complaint, we are required to employ standards less stringent than if the complaint had been drafted by counsel. *Del Raine v. Williford,* 32 F.3d 1024, 1050 (7th Cir. 1994).

## Discussion

**A. Plaintiff's Failure to Respond**

Defendant filed its Motion to Dismiss on February 18, 2014. Doc. No. 9. Plaintiff's response deadline was March 18, 2013; after Plaintiff moved for various extensions of time, the Court reset the deadline to June 30, 2014. Doc. No. 17.  On June 27, 2014, Plaintiff filed another

---

[1] Dr. Chou's relationship with Amazon has not been made clear by either party.

motion for extension of time, Doc. No. 19, which Magistrate Judge Hussman denied on July 21, 2014. Doc. No. 20. To this date, Plaintiff has not responded to Defendant's motion.

Where a litigant effectively abandons litigation by not responding to alleged deficiencies in a motion to dismiss, we apply the Seventh Circuit's longstanding rule that the litigant has waived his arguments by failing to make them. *See Burton v. City of Franklin,* 2011 WL 2938029, at *2 (S.D. Ind. July 18, 2011) (citing *Everroad v. Scott Trucks Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010)). "When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006). Thus, by failing to respond, Plaintiff has essentially defaulted, and we accept all of Defendant's plausible arguments as true for the purposes of this motion. *Burton*, 2011 WL 2938029, at *2.

### B. Plaintiff's Age Discrimination Claim

To identify a facially plausible claim under the ADEA, a complaint must plead that the claimant: (1) was over 40 years old; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than younger, similarly situated employees. *Black v. United Parcel Serv.*, 2010 WL 2734772, at *1 (S.D. Ind. July 8, 2010) (citing *Griffin v. Potter,* 356 F.3d 824, 829 (7th Cir. 2004)). In the absence of such factual content, the court cannot draw the reasonable inference that the employer violated the ADEA. *Id.*

Here, Plaintiff's complaint lacks factual content as to all the foregoing elements. His allegations do not include (1) his age, (2) any facts regarding his job performance or qualifications, (3) any fact regarding an adverse employment action, or (4) any similarly situated

younger employees who were treated differently. In contrast, his complaint suggests only that he was harassed by another employee and that Amazon failed to provide a safe work environment because it did not report the harassment and failed to provide adequate medical care.

These allegations, taken as true, do not relate to an age discrimination claim. Thus, the complaint lacks facial plausibility on the ADEA claim and Defendant's motion to dismiss must be **GRANTED.**

### C.  Plaintiff's Disability Discrimination Claim

To state a facially plausible claim under the Americans with Disabilities Act, Plaintiff must allege that: (1) he is a disabled person within the meaning of the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job that he holds or seeks; and (3) that he has suffered an adverse employment decision because of his disability. *Winsely v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009).

Once again, Plaintiff's complaint fails to set forth any factual content regarding the foregoing elements. His complaint does not allege any disability, either before or after the assault. As previously mentioned, he has supplied no facts regarding his qualifications or ability to perform his job. And perhaps most importantly, there is no factual allegation that he was discriminated against *because of* any disabilities.

The allegations in his complaint therefore do not comprise a facially plausible ADA claim, and Defendant's motion to dismiss must be **GRANTED.**

## Conclusion

Plaintiff has not defended the legal sufficiency of his complaint, and Amazon has demonstrated that its motion to dismiss is well taken. [Doc. No. 9]. Thus, is shall be **GRANTED.** Because Defendant's claims are dismissed for failure to allege sufficient facts, he is entitled to replead those claims. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."). As we have not reached the merits of any claims Plaintiff may have against Defendant, we dismiss this suit **without prejudice** and will withhold entry of a final judgment, pursuant to Federal Rules of Civil Procedure 58. *See generally Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013). If Plaintiff wishes to pursue these claims, he must file an amended complaint that sets forth the factual basis for his claims within 30 days from the date of this order. We encourage Plaintiff to seek assistance of counsel in refashioning his amended complaint, should he decide to pursue further action. If Plaintiff fails to file an amended complaint within the stipulated time, this case will be dismissed with prejudice without further notice and final judgment will be entered. In addition, if Plaintiff files an amended complaint that does not address the deficiencies of his first complaint, the amended complaint will be subject to dismissal with prejudice.

IT IS SO ORDERED.

Date: 07/28/2014

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARY D. ARNOLD
3528 Wheeler Avenue
Louisville, KY 40215

Emily L. Connor
LITTLER MENDELSON
econnor@littler.com

Alan L. McLaughlin
LITTLER MENDELSON PC
amclaughlin@littler.com